**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

**FILED**

FOR THE NINTH CIRCUIT

APR 28 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JASON JOHNSON; SHELLIE
JOHNSON, individually and as co-
conservators for Nathaniel Johnson, a
minor,

Plaintiffs - Appellants,

v.

AMERICAN INSURANCE COMPANY,

Defendant - Appellee.

No. 08-35992

D.C. No. 2:07-cv-00069-REC-JCL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Montana
Richard F. Cebull, Chief District Judge, Presiding

Argued and Submitted April 7, 2010
Seattle, Washington

Before: GOODWIN, HAWKINS, and N.R. SMITH, Circuit Judges.

Plaintiffs Jason Johnson and Shellie Johnson (collectively "Plaintiffs"),

individually and as conservators for Nathaniel Johnson, appeal a judgment in favor

of Defendant The American Insurance Company ("Defendant") wherein the district

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

court adopted the magistrate judge's findings and recommendation that an insurance contract contained a mutual mistake and should be reformed to exclude coverage. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Frank Reuling d/b/a Ladder Canyon Ranch ("LCR") owned 21 vehicles insured by Defendant, including two 1989 Chevrolet Suburbans: one with a VIN ending in 6040, and one with a VIN ending in 5803. In November of 2001, LCR entered an oral contract to sell the 6040 Suburban to an employee, Wayne Deans.

In January of 2002, Deans provided proof of insurance to Glen Hough, who maintained LCR's insurance contracts pursuant to a consulting agreement. Hough contacted Western States Insurance Agency ("Western States"), an insurance broker, and requested that the vehicle be removed from LCR's policy. However, the record is unclear as to what, if any, identifying information Hough provided. Western States in turn sent a memo to Defendant instructing it to "Delete: 1989 Suburban." Defendant mistakenly removed only the 5803 Suburban. Thus, the 6040 Suburban was still listed on the policy on March 31, 2002, when Michelle Ries, operating the vehicle with Deans's permission, struck and injured Plaintiffs' child.

Plaintiffs sued Ries and settled for a confessed judgment of $400,000 and an assignment of Ries's rights against Defendant in exchange for a covenant not to

2

execute the judgment. Plaintiffs then filed the instant action seeking a declaratory judgment that the accident was covered under the policy.

The district court correctly held that clear and convincing evidence proved the mutual intention of LCR and Defendant was to remove the 6040 Suburban from the policy. Montana law allows a court to reform a contract to meet the mutual intention of the parties if the contract contains a mutual mistake. *See* Mont. Code Ann. § 28-2-1611; *Pulse v. N. Am. Land Title Co. of Mont.*, 707 P.2d 1105, 1108 (Mont. 1985). The district court also correctly held that the intent of the insurer and the insured controlled the right to reformation.

Plaintiffs argue that Montana law bars reformation of the policy so as to defeat coverage, because Plaintiffs became good faith purchasers for value when they agreed not to execute the judgment against Ries in exchange for her rights against Defendant. *See* Mont. Code Ann. § 28-2-1611. However, Plaintiffs were aware that Defendant contested coverage before Plaintiffs entered into the agreement with Ries, and therefore Plaintiffs are not bona fide purchasers without notice.

AFFIRMED.